Donald Alan MILLER,
Petitioner-Appellant,

v.

A.A. STAGNER and R.L. Pulley,
Respondents-Appellees.

Leroy FREEMAN, Petitioner-Appellant,

v.

A.A. STAGNER and R.L. Pulley,
Respondents-Appellees.

Nos. 84–5980, 84–5981.

United States Court of Appeals,
Ninth Circuit.

Aug. 14, 1985.

Donald Alan Miller, San Luis Obispo, Cal., Keith C. Monroe, Roger S. Hanson, Santa Ana, Cal., for petitioners-appellants.

Donald F. Roeschke, Los Angeles, Cal., for respondents-appellees.

Before SNEED and POOLE, Circuit Judges.

---

ORDER

The first paragraph of section 2.a., Lesser included offense instruction, on page 6 of our opinion (filed April 8, 1985) 757 F.2d 988, shall be amended to read:

Appellants next argue that they were unconstitutionally convicted because the trial court did not sua sponte instruct the jury on the elements of conspiracy to commit murder under the lesser included offense doctrine. Due process potentially required such instructions in the state court because conspiracy to commit murder is a capital offense in California. *See Beck v. Alabama*, 447 U.S. 625, 638 & n. 14, 100 S.Ct. 2382, 2390 & n. 14, 65 L.Ed.2d 392 (1980) (due process requires such instructions if warranted in capital cases); Cal.Penal Code §§ 182, 187, 190. But due process does not require that a lesser included offense instruction be given even in a capital case unless the evidence warrants such an instruction. *Hopper v. Evans*, 456 U.S. 605, 611, 102 S.Ct. 2049, 2052, 72 L.Ed.2d 367 (1982). California law is essentially the same with respect to any sort of criminal offense: it requires a trial judge to instruct a jury on all lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offenses were presented, but not when there is no evidence the offense was less than that charged. *People v. Sedeno*, 10 Cal.3d 703, 715, 112 Cal.Rptr. 1, 9, 518 P.2d 913, 921 (1974), *disapproved on other grounds, People v. Flannel*, 25 Cal.3d 668, 684 n. 12, 160 Cal.Rptr. 84, 93 n. 12, 603 P.2d 1, 10 n. 12 (1980); *People v. Saldana*, 157 Cal. App.3d 443, 454, 204 Cal.Rptr. 465, 471 (1984).