996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger Ray MURRAY, Petitioner-Appellant,
v.
Wayne ESTELLE, Respondent-Appellee.
 No. 91-15902.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1992.
Submission Withdrawn March 17, 1993.
Resubmitted June 23, 1993.
Decided June 30, 1993.
 
 1
 Before: SCHROEDER, NORRIS, and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Roger Murray filed a petition for writ of habeas corpus in federal district court. Murray alleged that his Sixth Amendment right to confrontation was violated when the district court admitted the preliminary hearing testimony of a key prosecution witness after the court had declared this witness to be "unavailable." The petition for writ of habeas corpus was denied by the district court. Reviewing the trial court's denial of the petition de novo, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), we affirm.
 
 
 4
 * Murray was convicted in California for sexually molesting Michael White, a minor. In the weeks leading up to Murray's trial, the prosecution learned that White had moved to Arizona, where he had become a ward of the Arizona court and was confined for treatment in a Phoenix psychiatric hospital. The only action the prosecution took to secure White's attendance at trial was to invoke the Uniform Act to Secure Attendance of Witnesses from Without the State in Criminal Cases ("Uniform Act"). See Cal.Penal Code §§ 1334-1334.6 (West Supp.1991). This triggered a hearing before an Arizona trial court, at which the court ordered that White would not be compelled to travel to California to appear as a witness.
 
 
 5
 Based on the Arizona court's order, the California trial court found that White was "unavailable" as a witness and admitted his preliminary hearing testimony into evidence.
 
 II
 
 6
 It is settled law that a witness may not be found "unavailable" unless "the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." Barber v. Page, 390 U.S. 719, 724-25 (1968). The burden rests on the prosecution to show that the witness is unavailable despite its good faith efforts. Id. at 74-75.
 
 
 7
 Murray argues that, by relying solely on the Uniform Act to secure White's appearance at trial, the prosecution failed to satisfy its burden of good faith. In particular, he argues that the prosecution was constitutionally obligated to take additional steps to try to secure White's attendance, such as (1) asking White personally whether he would attend the California trial voluntarily; (2) moving for a continuance of the California trial until White could testify; and (3) appealing the decision of the Arizona court.
 
 
 8
 The kind and number of efforts the prosecutor must make to secure a witness' attendance is a question of reasonableness under the circumstances. Ohio v. Roberts, 448 U.S. 56, 74 (1980). The Supreme Court has emphasized that the duty of good-faith effort "does not require the doing of a futile act." Id. at 74. Nor does it require the prosecution to take every step that might conceivably produce the witness for trial. Id. at 75-76. The litmus is whether the prosecution's efforts were reasonably diligent under the circumstances. See Dres v. Campoy, 784 F.2d 996, 1000-01 (9th Cir.1986) (holding that the prosecutor's reliance on an informal promise by a relative to secure attendance of the witness was sufficient to constitute the good faith efforts demanded by the Constitution).
 
 
 9
 We have serious doubts that any of the additional steps suggested by Murray could have produced White's appearance at trial. And, thus, as the Court noted in Roberts, "the great improbability that such efforts would have resulted in locating the witness, and would have led to his production at trial, neutralizes any intimation that a concept of reasonableness required their execution." 448 U.S. at 75-76.
 
 
 10
 In the first place, it would have been not only ineffective, but inappropriate, for the prosecution to ask White to appear voluntarily. At the time, White was a ward of the Arizona court, confined for treatment in a psychiatric hospital. Therefore, the decision to travel to California was not White's to make. Moreover, as to the second suggestion, we fail to see how moving for a continuance of the trial would have helped to secure White's attendance.
 
 
 11
 Finally, Murray contends that it was unreasonable for the prosecution not to seek an appeal from the Arizona trial court's ruling. We disagree. There is no authority for the proposition that the government must seek appellate review in every case in which the Uniform Act fails to produce a witness, and we decline to create such authority here. The question of appeal must be evaluated on a case-by-case basis. And based on the record before us, we cannot say that the prosecutor's decision to forgo an appeal was unreasonable.
 
 
 12
 Accordingly, we hold that, under the circumstances presented here, invocation of the Uniform Act was adequate to satisfy the prosecution's burden of good-faith effort.
 
 II
 
 13
 Murray argues that, even if White was constitutionally "unavailable", the trial court violated his rights to confrontation and due process when it excluded portions of White's preliminary hearing testimony from the evidence admitted at trial. We reject this argument.
 
 
 14
 In admitting White's preliminary hearing testimony, the trial court permitted the prosecution to redact portions of the hearing transcript which referred to White's prior drug use, and to his earlier involvement in prostitution. Murray argues that these portions of the transcript would have been useful both in discrediting White's testimony and in bolstering Murray's defense that, at the time he had sexual contact with White, he reasonably believed White was over the age of eighteen.
 
 A. Confrontation Rights
 
 15
 The Confrontation Clause guarantees the defendant an opportunity for effective cross-examination, but it does not accord a defendant an unrestricted right through cross-examination to inquire into any matter he may desire. Delaware v. Fensterer, 474 U.S. 15, 19-20 (1985). Trial courts have broad discretion to control the scope and extent of cross-examination, especially where a particular line of questioning poses the danger of unduly prejudicing the jury. Chipman v. Mercer, 628 F.2d 528, 531 (9th Cir.1980).
 
 
 16
 Here, the trial court did not abuse its discretion in excluding White's preliminary hearing testimony concerning his prior drug use. The court admitted all references to White's use of drugs on the date of the offense. It reasoned, however, that evidence of White's prior history of drug use was irrelevant without expert testimony showing how this prior drug use affected his ability to perceive and recollect events generally. This was consistent with California case law and was not an abuse of discretion. See People v. Smith, 4 Cal.App.3d 403, 412 (1970).
 
 
 17
 Nor did the court abuse its discretion in excluding the testimony concerning White's prior acts of prostitution. Murray contends that the evidence of prostitution was relevant because it shows that White could have been confused about the dates in which he had contact with Murray. The court properly reasoned, however, that because the acts of prostitution were few in number and remote in time and place from the offense, this testimony was irrelevant to White's ability to remember the date on which the contact with Murray occurred.[1]
 
 B. Due Process Rights
 
 18
 In a habeas proceeding, the determination of whether the exclusion of evidence violated a defendant's due process rights involves a balancing test. Miller v. Stagner, 757 F.2d 988, 994, opinion amended 768 F.2d 1090 (9th Cir.1985). In weighing the importance of evidence offered by a defendant against the state's interest in exclusion, the court should consider: (1) the probative value of the evidence on the central issue, (2) its reliability, (3) whether it is capable of evaluation by the trier of fact, (4) whether it is the sole evidence on the issue or merely cumulative, and (5) whether it constitutes a major part of the attempted defense. Id. The court must also give due weight to the substantial state interest in excluding unreliable, confusing, or prejudicial evidence. Id. at 995.
 
 
 19
 We hold, for the same reasons set forth above, that the slight probative value of the excluded testimony did not outweigh the state's legitimate interest in excluding evidence that would confuse the issues and mislead the jury.
 
 III
 
 20
 Finally, Murray argues that he deserves an evidentiary hearing on his claim that the prosecution violated his Sixth Amendment right to confrontation. An evidentiary hearing is required when: (1) the petitioner's alleges facts which, if proven, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir.1990). Because the facts Murray alleges are not in dispute and do not support a confrontation clause violation, the district court did not err in denying him an evidentiary hearing.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This dispostion is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In addition, Murray claims it was error to exclude White's testimony that he had been sexually abused by a foster parent, and that he was serving as a witness in that prosecution. Given the slight probative value of this testimony, and the likelihood that its admission would confuse the issues before the jury, the trial court did not abuse its discretion in excluding it