**John E. DANNENBERG, Petitioner,**

v.

**George INGLE, Warden, California Medical Facility, Respondent.**

No. C 92–20211 JW.

United States District Court, N.D. California.

Aug. 30, 1993.

*ORDER TO SHOW CAUSE*

WARE, District Judge.

Petitioner John E. Dannenberg filed a petition for habeas corpus relief with this Court on April 6, 1992. Although concurrent jurisdiction to address a petition for writ of habeas corpus exists in both the district of incarceration and in the district of conviction, 28 U.S.C. § 2241(d), traditionally, California federal courts hear petitions for a writ of habeas corpus in the district of conviction. *See Laue v. Nelson,* 279 F.Supp. 265 (N.D.Cal.1968). Venue is proper in this dis-

trict and in San Jose under Local Rule 105–2(b) as the conviction was obtained in Santa Clara County.

## I. BACKGROUND

Petitioner was convicted in 1986 for the second degree murder of his wife, and sentenced to 15 years to life. Petitioner appealed his conviction to the California Court of Appeal, which affirmed in a lengthy written opinion. A petition for review to the California Supreme Court was denied, as was a petition for certiorari to the U.S. Supreme Court. An initial limited petition for habeas corpus to the California Supreme Court was also denied. Petitioner then sought habeas relief from the Santa Clara County Superior Court, which denied relief with a written opinion. The California Court of Appeal also denied habeas relief, and a second petition to the California Supreme Court was denied as well.

## II. DISCUSSION

In the instant petition before this Court, Petitioner raises several claims:

1. Ineffective assistance of appellate counsel;

2. Error in the trial court's failure to instruct the jury sua sponte on unanimity re: culpable act per CALJIC 17.01;

3. Error in the trial court's exclusion of all defense expert testimony;

4. Error in the trial court's failure to instruct the jury on each element of the offense;

5. Error in the trial court's failure to instruct the jury on the element of foreseeability;

6. Error in the trial court's failure to instruct the jury on the concurrence of act and intent;

7. Partial verdict instruction was fundamentally unfair;

8. Error in trial court's instruction on implied malice murder when Defendant charged with first degree murder;

9. Insufficient evidence;

10. Prosecutorial misconduct;

11. Error in trial court's failure to require proof of any preliminary fact before admitting evidence;

12. Error in trial court's denial of Defendant's motion for acquittal;

13. Admission of evidence confusing to the jury; and

14. Cumulative effect of the above errors rendered Petitioner's trial fundamentally unfair.

It appears to the Court that Petitioner has sufficiently exhausted his many claims, some by way of direct appeal and then petition for review to the California Supreme Court, and others by way of habeas corpus to the California Supreme Court.[1]

### A. Ineffective Assistance of Appellate Counsel

▮▮▮ The Due Process Clause of the 14th Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Petitioner alleges several instances of ineffective assistance of appellate counsel, including failure to raise on direct appeal the issue of the trial court's failure to instruct the jury *sua sponte* on unanimity (pp. 10 and 36–37);[2] failure to argue ineffective assistance of trial counsel for not requesting the unanimity instruction at trial (pp. 11 and 36–37) and for failing to object to prosecutorial misconduct at trial (pp. 21 and 77); failure to file a habeas corpus petition proffering certain experts' affidavits (pp. 12 and 40–41); failure to argue on appeal the federal constitutional standard for insufficient evidence (pp. 15, 19, and 71); failure to raise prosecutorial misconduct as a separately headnoted claim (pp. 20 and 76–77); failure to similarly headnote

---

1. To the extent that any of these claims have not been exhausted, Respondent shall so indicate in his answer to the Order to Show Cause.

2. For purposes of this Order, all page number references are to Petitioner's brief in support of his petition for writ of habeas corpus.

trial court misconduct (p. 20); failure to argue against the implied malice instruction (p. 67); failure to argue a due process right violation by the denial of Petitioner's motion for acquittal (pp. 85–86); and failure to argue the claim of admission of evidence confusing to the jury (pp. 87–88). Petitioner claims that had these errors not been made, he would likely have prevailed on appeal. Accordingly, Petitioner has sufficiently stated a claim of ineffective assistance of appellate counsel.

## B. *Improper Jury Instructions*

■ Challenge to jury instructions solely as in error under state law does not state a claim cognizable in federal habeas corpus proceedings. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Walker v. Endell,* 850 F.2d 470, 475–76 (9th Cir. 1987), *cert. denied,* 488 U.S. 981, 109 S.Ct. 530, 102 L.Ed.2d 562 (1988); *Miller v. Stagner,* 757 F.2d 988, 993, *opinion amended,* 768 F.2d 1090 (9th Cir.1985). Instead, the federal court evaluates jury instructions in the context of the overall charge to the jury as a component of the entire trial process, *Prantil v. California,* 843 F.2d 314, 317 (9th Cir.), *cert. denied* 488 U.S. 861, 109 S.Ct. 158, 102 L.Ed.2d 129 (1988), to determine whether the ailing instructions so infected the entire trial process such that the resulting conviction violates due process rendering the trial fundamentally unfair, *Estelle v. McGuire,* — U.S. —, —, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991).

Petitioner alleges several instances of improper instructions to the jury, including error in the trial court's failure to instruct the jury *sua sponte* on unanimity; error in the trial court's failure to instruct the jury on each element of the offense; error in the trial court's failure to instruct the jury on the element of foreseeability; error in the trial court's failure to instruct the jury on the concurrence of act and intent; error in the trial court's partial verdict instruction; and error in the trial court's instruction on implied malice murder. Petitioner claims that these improper instructions rendered his trial fundamentally unfair. Accordingly, Petitioner has sufficiently stated a claim with respect to improper jury instructions.

## C. *Exclusion of Evidence*

■ A claim that the exclusion of evidence by the trial court violated a petitioner's right to due process is cognizable in federal habeas corpus proceedings. *Miller v. Stagner,* 757 F.2d 988, 994, *opinion amended,* 768 F.2d 1090 (9th Cir.1985). Petitioner alleges that the trial court precluded him from presenting any expert testimony regarding his mens rea on the date of his wife's murder. Petitioner claims that the exclusion of this evidence denied him a fair trial. Accordingly, Petitioner has sufficiently stated a claim with respect to trial court exclusion of evidence.

## D. *Insufficient Evidence*

■ A claim that the evidence in support of a conviction cannot be fairly characterized as sufficient is cognizable in federal habeas corpus proceedings. *Jackson v. Virginia,* 443 U.S. 307, 321, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979); *Hines v. Enomoto,* 658 F.2d 667, 676 (9th Cir.1981). Petitioner alleges that there was insufficient evidence with respect to at least one element of the charged offense to support his conviction (ie. foreseeability). Further, Petitioner alleges that certain statements made by the trial court and counsel, and the appellate court's approval of three alternative factual scenarios in support of the verdict also demonstrate the insufficiency of the evidence. Accordingly, Petitioner has sufficiently stated a claim for insufficient evidence.[3]

## E. *Prosecutorial Misconduct*

■ Claims of prosecutorial misconduct are cognizable in federal habeas corpus. *See Darden v. Wainwright,* 477 U.S. 168, 106

---

**3.** In one of his claims, Petitioner alleges that his motion for acquittal was unconstitutionally denied because there was insufficient evidence of every element of the offense charged. To the extent that Petitioner brings this claim as a challenge to state procedure, the claim may not be stated in federal habeas corpus proceedings. However, as this claim may be construed as an additional claim challenging the sufficiency of the evidence, the Court includes it among Petitioner's allegations that there is insufficient evidence to support his conviction.

S.Ct. 2464, 91 L.Ed.2d 144 (1986). Such misconduct may so infect the trial with unfairness as to make the resulting conviction a denial of due process. *Greer v. Miller*, 483 U.S. 756, 766, 107 S.Ct. 3102, 3109, 97 L.Ed.2d 618 (1987), citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643–44, 94 S.Ct. 1868, 1871–72, 40 L.Ed.2d 431 (1974).

Petitioner alleges 220 specific acts of prosecutorial misconduct, including misstatement of the evidence; misinstruction to the jury; statement of personal opinion; discrediting of defense witnesses; and inflaming the passions of the jury. Petitioner claims that these acts of misconduct so infected the entire trial process as to render his trial fundamentally unfair. Accordingly, Petitioner has sufficiently stated a claim for prosecutorial misconduct.

### F. *Admission of Evidence*

■ Questions of the admission of evidence and procedure are matters of state law and traditionally the federal court does not have jurisdiction over these claims since they do not allege a violation of federal laws or the Constitution. *Estelle v. McGuire*, —— U.S. ——, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). However, to the extent that a petitioner claims that the admission of certain evidence violated his right to a fair trial under the due process clause, a claim may be stated in federal habeas corpus proceedings. *Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir.1990).

Petitioner alleges that the trial court erred in admitting evidence of the green Mead notebook, and in admitting evidence that was confusing to the jury with respect to the prosecution's experiments on the scientific question of blood diffusion in water. Petitioner claims that the admission of such evidence rendered his trial fundamentally unfair. Accordingly, Petitioner has sufficiently stated a claim for the improper admission of evidence.

### G. *Fair Trial*

■ The Due Process Clause of the 14th Amendment guarantees a criminal defendant the right to a fair trial. Petitioner claims that the cumulative effect of the above errors rendered his trial fundamentally unfair in violation of this due process right. Accordingly, Petitioner has sufficiently stated a claim for denial of his constitutional right to a fair trial.

### H. *Request for Evidentiary Hearing*

Petitioner requests the Court to hold an evidentiary hearing to receive into evidence testimony from certain witnesses (pp. 12 and 91). Petitioner's request is DENIED WITHOUT PREJUDICE to Petitioner renewing the request after Respondent has answered the Order to Show Cause.

### I. *Request for Release*

Petitioner requests the Court to release Petitioner on his own recognizance or, alternatively, to set reasonable bail while this petition is pending the Court's resolution (p. 91). Petitioner's request is DENIED.

### III. *CONCLUSION*

1. Petitioner has sufficiently stated claims with respect to ineffective assistance of appellate counsel, improper jury instructions, exclusion of evidence, insufficient evidence, prosecutorial misconduct, admission of evidence, and a fundamentally unfair trial overall. Accordingly, Respondent is hereby ORDERED TO SHOW CAUSE why Petitioner's habeas corpus petition with respect to these issues should not be granted.

(a) The Clerk of the Court shall immediately serve by certified mail:

(i) a copy of this Order, and a copy of the petition upon Respondent and Respondent's counsel, the Attorney General of the State of California; and

(ii) a copy of this Order upon Petitioner;

(b) Within forty (40) days of the date of this Order, Respondent shall serve upon Petitioner and file with this Court:

(i) an answer addressing Petitioner's claims, conforming in all respects to Rule 5 for petitions for writs of habeas corpus, 28 U.S.C. section 2254, to show cause why a writ of habeas corpus should not issue;

(ii) a copy of all portions of the record of proceedings which are relevant to a determination of the issues presented by the petition.

(c) If Petitioner wishes to respond to Respondent's answer, he shall do so by filing a traverse with the Court and serving it upon Respondent within thirty (30) days after he receives the answer.

2. Petitioner's request for an evidentiary hearing is DENIED WITHOUT PREJUDICE to renewing the request after Respondent has answered the Order to Show Cause.

3. Petitioner's request for release or, alternatively, for the setting of bail is DENIED.

IT IS SO ORDERED.