78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James M. DOMBROSKI, Petitioner-Appellant,
v.
John SUTRO, Hon. Presiding Judge, Municipal Court of the
State of California, County of Marin, Respondent-Appellee.
 No. 95-15938.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner James Dombroski appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, challenging his conviction for driving under the influence of alcohol. Dombroski contends that the trial court erred by (1) not permitting him to present evidence that his breath test result may have overstated his true blood-alcohol level, and (2) instructing the jury that it could infer that Dombroski was under the influence of alcohol based on the breath test result. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see Riley v. Deeds, 56 F.3d 1117, 1119 (9th Cir.1995), and affirm.
 
 
 3
 Dombroski was charged with driving under the influence of alcohol, Cal. Vehicle Code § 23152(a) (Count 1), and driving with a blood-alcohol level of 0.08% or greater, Cal.Vehicle Code, § 23152(b) (Count 2). A jury convicted Dombroski of Count 1, but could not return a verdict on Count 2, which was subsequently dismissed.
 
 
 4
 In his habeas petition, Dombroski challenged the district court's ruling which prohibited him from introducing evidence at his trial relating to "partition ratios." Partition ratios involve the correlation between breath-alcohol and blood-alcohol levels. Dombroski contends that his 0.10% breath test result may have overstated his true blood-alcohol level and that the district court committed constitutional error by prohibiting him from introducing the partition ratio evidence to support this contention. Dombroski further contends that the district court committed error by instructing the jury that it could infer that he was under the influence of alcohol if it found beyond a reasonable doubt that his blood-alcohol level was 0.08% or greater.
 
 
 5
 We find Dombroski's contentions to be without merit. Given that the jury could not return a verdict on Count 2 and therefore could not reach a decision as to whether he had a blood alcohol level of 0.08%, Dombroski has failed to show either how the partition ratio evidence would have been probative, or how the district court's exclusion of the ratio evidence had a "substantial or injurious impact on the jury's verdict." See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also Miller v. Stagner, 757 F.2d 988, 994 (9th Cir.1985) (considering the probative value of the evidence in determining whether its exclusion violated petitioner's due process rights), amended by, 768 F.2d 1090, cert. denied, 475 U.S. 1048 & 1049 (1986). Additionally, Dombroski has failed to show how the district court's instruction that the jury could use his blood alcohol level to determine whether he was under the influence of alcohol was prejudicial given that the jury was unable to make a determination regarding his blood alcohol level. See Brecht, 113 S.Ct. at 1722.
 
 
 6
 We finally note that at trial, the CHP officer who pulled Dombroski over testified that he saw his Dombroski's car speeding and swerving, that after stopping Dombroski he noticed that Dombroski's eyes were red and watery, that there was alcohol on Dombroski's breath, that his speech was slurred and that he failed the various sobriety tests that were administered. Dombroski himself testified that he drank five drinks over a 7 1/2-hour period the day of his arrest. Given this evidence, and the fact that a jury could not determine whether Dombroski's blood alcohol level was 0.08%, we conclude that the alleged evidentiary and instructional errors did not have a "substantial or injurious impact on the jury's verdict." Id.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Dombroski's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Respondent's motion to strike is denied