107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose H. MORAN, Petitioner-Appellant,
v.
Robert BORG, Warden; Attorney General, State of California,
Respondents-Appellees.
 No. 95-55574.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose H. Moran, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition. Moran was convicted of first-degree murder and sentenced to twenty-seven years to life in prison. He contends that his federal constitutional rights were violated when the trial judge: (1) suggested that the jury watch an episode of the television show "48 Hours" featuring the judge; and (2) excluded defense evidence of third party culpability. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Thompson v. Borg, 74 F.3d 1571, 1573 (9th Cir.), cert. denied, 117 S.Ct. 227 (1996). We affirm.
 
 A. The "48 Hours" Episode
 
 3
 Moran contends that he was deprived of due process, a fair trial, and the right to counsel when the trial judge suggested to the jurors that they watch an episode of "48 Hours" featuring the judge. Moran also argues that the fact that his jury watched the "48 Hours" episode necessitates relief based on ex parte communication or juror misconduct grounds.
 
 
 4
 After viewing the episode and reviewing the trial transcript, we are satisfied that the episode did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Accordingly, we reject any claim based on the "48 Hours" episode on its merits.
 
 B. Third Party Culpability
 
 5
 Over objection, defense counsel asked Detective Zuniga whether another man had been charged with committing two murders on the same street during the time Moran was in custody. The trial court sustained the objection and conducted a conference at side-bar. At side-bar, defense counsel claimed that: another Latino male, wearing a jeans jacket, had pistol-whipped and murdered two persons in the same block while Moran was in custody; and that man had been charged with double homicide and "lo and behold" was present at the scene of the murder for which Moran was on trial. Moran contends that the exclusion of this testimony rendered his trial fundamentally unfair. We disagree.
 
 
 6
 To determine whether the exclusion of evidence violated a defendant's right to a fair trial, a court must consider five factors: (1) the probative value of the excluded evidence; (2) its reliability; (3) whether the excluded evidence is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990). The court must then balance the importance of the evidence against the State interest in its exclusion. Id. The State has a substantial interest in preserving orderly trials, in judicial efficiency, and in excluding unreliable or prejudicial evidence. Miller v. Stagner, 757 F.2d 988, 995 (9th Cir.), amended on other grounds, 768 F.2d 1090 (9th Cir.1985).
 
 
 7
 Moran has never produced any evidence supporting defense counsel's contention at side-bar that the man charged with the double homicide was present at the scene of the murder for which Moran was convicted. Two eyewitnesses identified Moran as the perpetrator of the murder for which he was convicted. Consequently, evidence that another Latino male committed similar crimes in the same high-crime neighborhood has marginal probative value on the issue of whether Moran killed the victim in this case. Accordingly, Moran's trial was not rendered fundamentally unfair when the evidence was excluded. See Tinsley, 895 F.2d at 530; Stagner, 757 F.2d at 995.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3