**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR LOPEZ, | No. 08-56298 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00099-PA-FFM |
| v. | |
| SCOTT KERNAN, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 6, 2010
Pasadena, California

Before: B. FLETCHER, BERZON, and CALLAHAN, Circuit Judges.

Hector Lopez petitions for a writ of habeas corpus, contending that the trial

court's questioning and dismissal of Juror No. 1 had a coercive effect on the jury

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and violated his constitutional rights.[1]  Lopez has not established that the California Court of Appeal's decision that Juror No. 1 was properly dismissed for cause "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that it "was based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d)(2).  We therefore deny the petition.

I.

The Court of Appeal held that the trial court's decision to dismiss Juror No. 1 for cause was not an error under Cal. Penal Code § 1089, which establishes the standards for dismissing jurors.  This court has previously upheld the dismissal of

---

[1] Lopez's habeas petition and brief before this court recognize, or at least do not contest, that the California Court of Appeal did decide the constitutional question in his case. *Cf. Williams v. Cavazos*, --- F.3d ----, 2011 WL 1945744 at *8 (9th Cir. May 23, 2011) (holding that the California Court of Appeal adjudicated only whether the trial court abused its discretion under Cal. Pen. Code § 1089, not "whether the removal of the known holdout juror violated the Sixth Amendment").  We agree that the state court recognized and reached the constitutional question, and thus review Lopez's claim under the deferential standard set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA).

jurors for cause under § 1089.[2]  *See Perez v. Marshall*, 119 F.3d 1422, 1426-27

(9th Cir. 1997); *Miller v. Stagner*, 757 F.2d 988, 995, 997, *as amended*, 768 F.2d

1090 (9th Cir. 1985).  *See also Williams*, 2011 WL 1945744 at *10 (noting that

"[a]s a general matter, the Sixth Amendment does not prohibit the mid-deliberation

dismissal of jurors who are unable to serve"); *id.* at *12 (citing illness as a basis for

discharge that is "obvious[ly] . . . independent of the juror's views of the merits");

*id.* at *15 (clarifying that "refusing to deliberate would be 'good cause' for

discharging a juror").

In arriving at its decision in this case, the California Court of Appeal

considered the coercive effect of the trial court's questioning of Juror No. 1,

concluding that it did "not believe the court's remarks, viewed *as a whole*, had a

coercive connotation." (Emphasis supplied).  *See Early v. Packer*, 537 U.S. 3, 9

(2002) (per curiam) (holding that compliance with *Lowenfield v. Phelps*, 484 U.S.

231 (1988), requires only that "the fair import of the Court of Appeal's opinion" is

---

[2] California law actually encourages the trial court to inquire into whether a juror is properly deliberating.  *See People v. Cleveland*, 21 P.3d 1225, 1237 (Cal. 2001) (authorizing a trial court to conduct "whatever inquiry is reasonably necessary to determine" whether a juror is not participating in deliberations "and to discharge the juror if it appears as a demonstrable reality that the juror is unable or unwilling to deliberate" (internal quotations omitted)); *but see Williams*, 2011 WL 1945744 at *9 (holding that "*Cleveland* was not a constitutional decision" and noting that "it is entirely possible that a juror discharge under § 1089 that is permissible under *Cleveland* could nonetheless violate the Sixth Amendment").

that it considered the totality of the circumstances). Moreover, there is no evidence in the record suggesting that it was Juror No. 1's "views on the merits of the government's case," that influenced the trial court's decision to remove her. *Perez*, 119 F.3d at 1428. As a result, the state appellate court's conclusion that the trial court's questioning and removal of Juror No. 1 did not violate Lopez's constitutional rights was not contrary to, or an unreasonable application of, the totality of the circumstances test in *Lowenfield*.

## II.

Nor was the state appellate court's conclusion that there was no unconstitutional jury coercion in this case based on an unreasonable determination of the facts. While the California Court of Appeal could have given more weight to indications in the record that the trial court was frustrated with or suspicious of Juror No. 1, the state appellate court did accurately, and in fair detail, summarize the trial court's questioning of Juror No. 1. *See Early*, 537 U.S. at 9 ("The contention that the California court 'failed to consider' facts and circumstances that it had taken the trouble to recite strains credulity.").

The state court's determination that the record established that Juror No. 1 was either unable or unwilling to deliberate was also not objectively unreasonable. We agree with the California Court of Appeal that it might have been more

4

appropriate for the trial court to communicate directly with Juror No. 1 or her doctor prior to dismissing her for illness. We also share the state court's concern that Juror No. 1 called in sick the day after the trial court questioned her about her ability to deliberate. Nevertheless, the record supports the state appellate court's conclusion that either the trial court had sufficient corroboration – his own prior observations – that Juror No. 1 was sick, and therefore unable to deliberate, or Juror No. 1 was lying by feigning illness, thus corroborating her earlier indications that she was unwilling to deliberate.

The district court's judgment is **AFFIRMED**.