**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50272 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00815-R-3 |
| v. | |
| BERTIN VASQUEZ-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 5, 2015
Pasadena, California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

Bertin Vasquez-Martinez was convicted of conspiracy to distribute marijuana, 21 U.S.C. § 846, possession with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and possession with intent to distribute marijuana on board a vessel, 46 U.S.C. § 70503(a). He appeals his convictions and sentences,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

alleging error in exclusion of evidence, incorrect jury instructions, insufficient evidence, and unreasonable sentencing disparity. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** The district court erred in excluding a United States Naval Observatory 2012 "Rise and Set for the Moon" table from evidence. Because a Border Patrol Agent testified that moonlight enabled him to clearly view a group of men unloading marijuana from a boat, the table was relevant impeachment material. The data in the table was reliable, *see* Fed. R. Evid. 201(b), and courts routinely take judicial notice of such data, *see United States v. Bervaldi*, 226 F.3d 1256, 1266 n.9 (11th Cir. 2000); *United States v. Wilson*, 451 F.2d 209, 214 (5th Cir. 1971); *Oliver v. Hallett Constr. Co.*, 421 F.2d 365, 367 (8th Cir. 1970).

**2.** To determine "whether evidence erroneously excluded was so important to the defense that the error assumes constitutional magnitude," *United States v. Stever*, 603 F.3d 747, 756 (9th Cir. 2010), we analyze the factors in *Miller v. Stagner,* 757 F.2d 988, 994-95, *amended on other grounds by* 768 F.2d 1090 (9th Cir. 1985). Applying those factors, we conclude that the error in excluding the Naval Observatory table did not prevent Vasquez from presenting a defense and was not of constitutional dimension. *See Chia v. Cambra*, 360 F.3d 997, 1004 (9th Cir. 2004) (listing *Miller*

2

factors).  The table was not probative of the central issues in the case or relevant to a "major part" of Vasquez's defenses, lack of knowledge and mere presence.

**3.** We will reverse a conviction for a non-constitutional evidentiary error "only if we cannot say, with fair assurance, . . . that the judgment was not substantially swayed by the error."  *United States v. Ramirez*, 714 F.3d 1134, 1139 (9th Cir.) (alteration in original) (citation and quotation marks omitted), *cert. denied*, 134 S. Ct. 288 (2013).  That is not the case here.  Given the totality of the evidence, including Vasquez's arrest among a group unloading marijuana from a boat at a deserted beach in the middle of the night, it is quite unlikely that different verdicts would have ensued had the chart been admitted.

**4.** The court did not err in refusing a mere presence jury instruction because that "instruction was adequately covered by the instructions given on conspiracy." *United States v. Reed*, 575 F.3d 900, 926 (9th Cir. 2009).

**5.** The court did not err in giving a deliberate ignorance jury instruction. Vasquez claimed to be unaware that the boat was transporting marijuana, and the evidence supported "the inference that [he] knew that there was a high probability that drugs were on the boat but deliberately chose not to confirm that suspicion." *United States v. Ramos-Atondo*, 732 F.3d 1113, 1119 (9th Cir. 2013).

3

**6.** The evidence was sufficient to support the conviction for possession with intent to distribute marijuana onboard a vessel under a co-conspirator theory. Taken in the light most favorable to the government, the evidence shows that Vasquez participated in the conspiracy at least two days before his arrest, recruited a co-defendant into the scheme, knew he was hired to "offload a boat," and was waiting on the beach to unload the panga. *See Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946).

**7.** A court may not impose a sentence below the statutory minimum absent a substantial assistance motion from the government or application of the safety valve. *United States v. Biao Huang*, 687 F.3d 1197, 1203 (9th Cir. 2012). Here, no such motion was made, and the safety valve in 18 U.S.C. § 3553(f) does not apply to a conviction under 46 U.S.C. § 70503. *See* 18 U.S.C. § 3553(f); *United States v. Gamboa-Cardenas*, 508 F.3d 491, 499 (9th Cir. 2007). We therefore decline Vasquez's request to reduce his sentence.

**AFFIRMED.**