Anthony RIOS, Petitioner–Appellee,

v.

Silvia GARCIA,* Warden, Respondent–Appellant.

No. 03–55072.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 2004.

Filed Nov. 15, 2004.

Quisteen S. Shum, Deputy Attorney General, San Diego, CA, for the respondent-appellant.

Daniel G. Jarcho, McKenna Long & Aldridge LLP, Washington, D.C., for the petitioner-appellee.

Before: CANBY, HANSEN,** and RAWLINSON, Circuit Judges.

* Petitioner is now being held at Calipatria State Prison. Accordingly, Warden Silvia Garcia is substituted as the proper Respondent–Appellant. See Fed. R.App. P. 43(b).

** The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

RAWLINSON, Circuit Judge.

We reverse the district court's grant of a conditional writ of habeas corpus because the California Superior Court's decision affirming the petitioner's sentence was not contrary to or an unreasonable application of clearly established federal law. We are barred from affirming issuance of the writ on the alternative Sixth Amendment grounds asserted by the petitioner in his cross-appeal because he was not granted a certificate of appealability as to those issues.

## I. BACKGROUND

In 1998, petitioner Anthony Rios stole from K–Mart two watches having a combined value of $79.98. A loss prevention officer chased Rios and, after a minor struggle, apprehended him in the parking lot.

The State of California (State) charged Rios with petty theft with a prior theft-related conviction under California Penal Code § 666,[1] and second degree commercial burglary under California Penal Code § 459. The State alleged that Rios was eligible for sentence enhancement under California's "Three Strikes law" because he had pled guilty to two counts of robbery in 1987. The State submitted an Abstract of Judgment from the 1987 proceeding.

The Abstract erroneously stated that Rios had been convicted of two counts of second degree *burglary*. After reviewing Rios's records, the state trial court allowed the State to revise the clerical error to reflect the correct offense of *robbery*.[2]

A state court jury convicted Rios on both counts. The trial court, sitting without a jury, found to be true beyond a reasonable doubt the prior two robbery convictions. Under California's Three Strikes law, the court sentenced Rios to twenty-five years to life for the felony petty theft conviction.[3]

On direct appeal, the California Court of Appeal affirmed the conviction. The California Supreme Court denied Rios's petition for review. Rios then filed petitions for writs of habeas corpus with the California courts seeking relief on three grounds: (1) that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments; (2) that the trial court improperly applied the Three Strikes law to his prior convictions in violation of the Due Process and Ex Post Facto clauses; and (3) that the application of the Three Strikes law based on his prior convictions was a "violation of [his] plea agreement" with respect to those convictions. The petitions were denied.[4]

---

1. Petty theft with a prior conviction is a so-called "wobbler" offense because the State has discretion to prosecute it as either a misdemeanor or a felony. *See* Cal.Penal Code § 666; *see also Lockyer v. Andrade*, 538 U.S. 63, 67, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The State prosecuted Rios for a felony.

2. The correction was significant because California's Three Strikes law applies where the defendant has prior felony convictions for "violent" or "serious" offenses. *See* Cal.Penal Code §§ 667(d)(1), 1170.12(b)(1). Robbery is a "violent" or "serious" offense within the meaning of the Three Strikes law, while second degree burglary is not. Cal.Penal Code

§§ 667.5(c)(9), 1192.7(c)(19); *cf.* Cal.Penal Code §§ 667.5(c)(21), 1192.7(c)(18).

3. The court also imposed a sentence of twenty-five years to life for the burglary conviction, but stayed the sentence as to that count.

4. Because both the California Supreme Court and the California Court of Appeal denied review without comment, we review the California Superior Court's decision as the last reasoned state court decision. *See Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir.2003), *cert. denied, sub nom. Mitchell v. Van Lynn*, —— U.S. ——, 124 S.Ct. 2105, 158 L.Ed.2d 724 (2004).

Rios's subsequent federal habeas petition asserted the same three grounds for relief he raised in his state habeas petitions. In federal court, Rios added claims that the trial court violated his right to a jury trial in violation of the Sixth and Fourteenth Amendments when it determined the existence of the prior convictions, and that his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment.[5] The district court granted a conditional writ of habeas corpus with respect to the Eighth Amendment challenge, but dismissed Rios's other claims with prejudice.

The State appealed the district court's judgment, and Rios filed a cross-appeal. Rios requested a certificate of appealability (COA) on the issues of (1) "[w]hether the California state trial court violated Mr. Rios's Sixth Amendment right to a jury determination at trial and sentencing"; and (2) "[w]hether Mr. Rios's trial and appellate counsel provided ineffective assistance of counsel in violation of the Sixth Amendment." Rios's request for a COA on both Sixth Amendment issues was denied.

## II. STANDARDS OF REVIEW

Under the Anti–Terrorism and Effective Death Penalty Act (AEDPA), a habeas corpus petition cannot be granted unless the state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or was (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in[Supreme Court] cases[,]" or (2) "confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision and nevertheless arrives at a [different] result." *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495.

A district court's decision to deny a petition for writ of habeas corpus is reviewed *de novo*, and the court's factual findings are reviewed for clear error. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

## III. DISCUSSION

### A. Grant of Habeas Relief Under the Eighth Amendment

"[California's] Three Strikes law consists of two, nearly identical statutory schemes designed to increase the prison terms of repeat felons." *People v.Super. Ct. of San Diego County (Romero)*, 13 Cal.4th 497,

---

5. We presume that Rios based the first of his additional claims on the jury determination guarantee of the Sixth and Fourteenth Amendments, and the second on the "cruel and unusual punishments" clause of the Eighth Amendment, as these are the only conceivable grounds upon which he could have relied. *See* U.S. Const. amends. VI, VIII, XIV; *see also Apprendi v. New Jersey*, 530 U.S. 466, 476–77, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (stating that the Sixth and Fourteenth Amendments, taken together, entitle a state criminal defendant to "a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.") (citations and alteration omitted); *Harmelin v. Michigan*, 501 U.S. 957, 962, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (noting that the Eighth Amendment proscription against cruel and unusual punishment "applies against the States by virtue of the Fourteenth Amendment") (citation omitted).

504, 53 Cal.Rptr.2d 789, 917 P.2d 628 (1996). The California legislature enacted one provision, codified as Cal.Penal Code § 667. The voters adopted the second provision, codified as Cal.Penal Code § 1170.12, through the initiative process. *Romero*, 13 Cal.4th at 504, 53 Cal.Rptr.2d 789, 917 P.2d 628. The statutes have minor differences, but both provide that when a defendant is convicted of a felony, and the state pleads and proves that the defendant has committed one or more prior felonies defined as "violent" or "serious," sentencing proceeds under the Three Strikes law "[n]otwithstanding any other law." Cal.Penal Code §§ 667(c), 1170.12(a). The most recent conviction need not be "violent" or "serious." *Id.*

If the defendant has only one qualifying prior felony conviction, the prescribed term of imprisonment (or minimum term if the current felony calls for an indeterminate sentence) is "twice the term otherwise provided as punishment for the current felony conviction." Cal.Penal Code §§ 667(e)(1), 1170.12(c)(1). If the defendant has two or more qualifying prior felony convictions, the prescribed term of imprisonment is "an indeterminate term of life imprisonment." Cal.Penal Code §§ 667(e)(2)(A), 1170.12(c)(2)(A). Those defendants sentenced to life in prison become eligible for parole after serving a minimum term of the greater of (1) three times the term otherwise provided for the current felony conviction; (2) twenty-five years; or (3) the term required by certain specified provisions of the California Penal Code for the underlying conviction. Cal.Penal Code §§ 667(e)(2)(A)(i)-(iii), 1170.12(c)(2)(A)(i)-(iii).

The Eighth Amendment to the Constitution proscribes the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The district court granted the writ of habeas corpus based largely on our application of this prohibition in *An-*

*drade v. Attorney Gen. of California (Andrade I)*, 270 F.3d 743, 746 (9th Cir.2001), *rev'd sub nom. Lockyer v. Andrade (Andrade II)*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). In *Andrade I*, the defendant was convicted of two counts of petty theft for shoplifting approximately $150 worth of videotapes. 270 F.3d at 746. The defendant had been convicted of several prior non-violent but "serious" offenses, and was sentenced under the Three Strikes law to life in prison with no possibility of parole for fifty years. *Id.*

In *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (plurality), a companion case to *Andrade II*, the Supreme Court explained that while the constitutional principle of proportionality between crime and sentence applies to noncapital sentences, "[t]he Eighth Amendment does not require strict proportionality.... Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Ewing*, 538 U.S. at 23, 123 S.Ct. 1179 (citation omitted). The gross disproportionality principle applies "only in the 'exceedingly rare' and 'extreme' case." *Andrade II*, 538 U.S. at 73, 123 S.Ct. 1166 (citation omitted). In *Ewing*, the Court rejected the defendant's claim that a sentence of twenty-five years to life for felony grand theft of golf clubs was "grossly disproportionate" to his crime where the defendant had previously been convicted of three residential burglaries and a robbery. 538 U.S. at 18, 30–31, 123 S.Ct. 1179.

The Court acknowledged in *Andrade II* that its precedents had "not been a model of clarity" and that it had "not established a clear or consistent path for courts to follow." 538 U.S. at 72, 123 S.Ct. 1166; *see, e.g., Solem v. Helm*, 463 U.S. 277, 280–81, 303, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (holding that the Eighth Amendment prohibited imposing a life sentence

without possibility of parole for a seventh nonviolent felony in which the triggering offense was uttering a "no account" check for $100). As a result, the Court concluded that the California Court of Appeal's decision affirming Andrade's sentence was not "contrary to" the governing legal principles set forth in Supreme Court cases. *Andrade II*, 538 U.S. at 73–74, 123 S.Ct. 1166. The Court also determined that the state appellate court did not "unreasonably appl[y]" the gross disproportionality principle to Andrade's case since that principle "gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle—the 'precise contours' of which 'are unclear.'" *Id.* at 75–76, 123 S.Ct. 1166 (citation omitted). According to the Court, "it was not objectively unreasonable for the California Court of Appeal to conclude that these 'contours' permitted an affirmance of Andrade's sentence." *Id.* at 76, 123 S.Ct. 1166.

■ The Supreme Court's decisions in *Ewing* and *Andrade* compel the conclusion that Rios's sentence was not grossly disproportionate to his crime in light of his criminal history, and that the California Court of Appeal's decision affirming his sentence was therefore not "contrary to, or ... an unreasonable application of, clearly established Federal law[.]" 28 U.S.C. § 2254(d)(1). The facts of Rios's case are similar to those in *Andrade II*. In fact, Rios's situation presents a less compelling case for relief because the trial court stayed one of Rios's sentences, so he need serve only twenty-five years (rather than fifty) before being eligible for parole.

Rios relies on *Ramirez v. Castro*, 365 F.3d 755 (9th Cir.2004) to support his Eighth Amendment argument. In *Ramirez*, a divided panel of this Court held

that the defendant's Three Strikes sentence of twenty-five years to life for stealing a $199 VCR was "grossly disproportionate" to his crime, given that he surrendered without resistance and his only two prior convictions were for nonviolent robberies in which no weapons were involved. *Id.* at 768, 770, 773. A majority of the panel concluded that the California Court of Appeal's decision to the contrary involved "an objectively unreasonable application of the Supreme Court's gross disproportionality precedents[,]" and held that Ramirez was entitled to habeas relief. *Id.* at 775.

*Ramirez* is distinguishable from this case. Unlike the defendant in *Ramirez*, Rios struggled with the loss prevention officer and tried to avoid apprehension. Additionally, his prior robbery "strikes" involved the threat of violence, because his cohort used a knife. As did the defendants in *Ewing* and *Andrade II*, Rios has a lengthy criminal history, beginning in 1982, and he has been incarcerated several times. The state court's application of Supreme Court precedent was not "objectively unreasonable," and the district court's decision to grant a conditional writ of habeas corpus was erroneous.

**B. Alternative Sixth Amendment Grounds Asserted by Rios**

■ Rios argues in the alternative that we should affirm issuance of the writ on the Sixth Amendment grounds he asserted in his cross-appeal. Under AEDPA, a petitioner must obtain a COA to challenge a detention "aris[ing] out of process issued by a State court."[6] 28 U.S.C. § 2253(c)(1)(A). We have held that the issuance of a COA is a jurisdictional prerequisite to appeal in a habeas proceeding.

---

**6.** "A certificate of appealability is not required when a state or its representative ...

appeals." Fed. R.App. P. 22(b)(3).

*Phelps v. Alameda,* 366 F.3d 722, 726 (9th Cir.2004). Accordingly, we "lack jurisdiction to resolve the merits of any claim for which a COA is not granted." *Beaty v. Stewart,* 303 F.3d 975, 984 (9th Cir.2002) (citation omitted).

■ Rios acknowledges that he failed to obtain a COA on the Sixth Amendment issues. Rather, he relies on the principle that we may "affirm on any ground supported by the record, even if it differs from the rationale of the district court." *Weaver v. Thompson,* 197 F.3d 359, 362 (9th Cir.1999) (citation omitted). We have not previously addressed whether a habeas petitioner to whom a writ has been granted on one ground may assert, in opposition to the state's appeal, a ground that the district court has not adopted. The Second Circuit has held that the petitioner may not do so unless he or she obtains a COA expressly permitting argument on that ground. *Grotto v. Herbert,* 316 F.3d 198 (2d Cir.2003). In *Grotto,* the Second Circuit adhered to its prior opinion, *Roman v. Abrams,* 790 F.2d 244 (2d Cir.1986) (per curiam), by ruling that "even a victorious petitioner must obtain a certificate of probable cause in order to obtain review of his rejected claims." *Grotto,* 316 F.3d at 209. The Second Circuit ruled "that requiring a certificate of probable cause for review of rejected claims even where another claim has been upheld is prudentially sound because it 'focuses the attention of litigants and the court on potentially meritorious issues, while avoiding the waste of judicial resources in a futile review of clearly meritless claims.'" *Id.* (citation omitted).

The Second Circuit Court then recognized that, under AEDPA, an unsuccessful habeas petitioner "is required to obtain, instead of a certificate of probable cause, a certificate of appealability, but the 'requirement of a certificate of appealability appears to make no significant change in

the standard applicable to the former requirement of a certificate of probable cause,' and the goal of avoiding the waste of judicial energy on the consideration of clearly meritless claims is embodied in a new statutory provision." *Id.* (citations and alteration omitted).

The Second Circuit reasoned that AEDPA's requirement that the certificate of appealability specify the issues deemed worthy of appellate review reflected the "same concern for conservation of judicial resources" that guided its decision in *Roman. Id.*

The Second Circuit "conclude[d] that a habeas petitioner to whom the writ has been granted on one or more grounds may not assert, in opposition to an appeal by the state, any ground that the district court has not adopted unless the petitioner obtains a certificate of appealability permitting him to argue that ground." *Id.* (citation omitted).

We are persuaded by the rationale that guided the Second Circuit's ruling in *Grotto.* The Second Circuit's analysis is consistent with AEDPA's carefully crafted parameters for habeas review. Allowing a successful habeas petitioner to expand the scope of habeas review by adding claims other than those expressly held to be meritorious would thwart AEDPA's goal of limiting habeas review to those claims where "the petitioner makes 'a substantial showing of the denial of a constitutional right.'" *Id.* (citation omitted). We are convinced that the principles articulated in *Grotto* should guide our analysis, especially because a motions panel of this Court has considered and rejected Rios's request for a certificate of appealability covering the identical claims he now seeks to assert on cross-appeal. We agree with the Second Circuit that we cannot countenance this skirting of AEDPA's certificate of appealability requirement. *See also Fretwell v.*

*Norris,* 133 F.3d 621, 623 (8th Cir.1998) (dismissing petitioner's cross-appeal where court denied a certificate of appealability).

We hold, as did the Second and Eighth Circuits, that a successful habeas petitioner may address on appeal only those claims for which a certificate of appealability is granted. Rios sought, but was denied, a certificate of appealability for the Sixth Amendment claims he now asserts. We, therefore, decline to consider affirming the judgment on those grounds.

## IV. CONCLUSION

The California Superior Court's affirmance of Rios's sentence was not contrary to or an unreasonable application of clearly established federal law. We decline to consider the alternative grounds for upholding the writ urged by Rios because no certificate of appealability was issued as to those grounds. We REVERSE the district court's grant of a conditional writ of habeas corpus.

**REVERSED.**