**Raymond RICO, Petitioner—Appellant,**

v.

**Don R. TAYLOR, Respondent—
Appellee.**

No. 02–55273.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Aug. 22, 2005.

**144**

Raymond Rico, Blythe, CA, pro se.

Gretchen Fusilier, Esq., Carlsbad, CA, for Petitioner–Appellant.

Douglas P. Danzig, Esq., AGCA—Office of the California Attorney General, San Diego, CA, Vincent L. Rabago, Esq., AGAZ—Office of the Arizona Attorney General, Tucson, AZ, for Respondent–Appellee.

Before: HUG, PREGERSON, and BERZON, Circuit Judges.

### MEMORANDUM *

Raymond Rico ("Rico") appeals the district court's denial of his habeas corpus petition. First, he argues that the state court action dismissing a juror and substituting an alternate after deliberations began violated his Sixth Amendment right to a fair trial. Second, he argues that his sentence of 25 years to life based upon his conviction for grand theft person is cruel and unusual punishment in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 2253, and we affirm.

We review de novo the district court's determination to grant or deny a habeas petition for a writ of habeas corpus. *Perez v. Marshall,* 119 F.3d 1422, 1425–1426 (9th Cir.1997). However, the petition will only be granted if the state court decision was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) if the decision was "based on an unrea-

sonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The state court's findings of fact are presumed correct unless the petitioner can prove otherwise by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sanders v. Lamarque,* 357 F.3d 943, 948 (9th Cir. 2004).

### I

A defendant's Sixth Amendment right to a fair trial is violated when the "essential feature" of the jury is not preserved. *See Williams v. Florida,* 399 U.S. 78, 100, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). Under California Penal Code section 1089, a juror may be removed from service either before or after final submission of the case if the juror becomes ill, dies, or upon other "good cause." This court has upheld the constitutionality of this statute after determining that it "preserved the 'essential feature' of the jury required by the Sixth and Fourteenth Amendments." *See Miller v. Stagner,* 757 F.2d 988, 995 & n. 3 (9th Cir.1985). State courts' findings on juror fitness are entitled to special deference and should only be reversed if there is "manifest error" in the findings. *Perez,* 119 F.3d at 1426.

██ Rico has not established clear and convincing evidence to overcome the presumption that the state court determination that "good cause" existed to remove Juror Sanchez was correct. After receiving a note from the jury foreman, which stated that the jury was deadlocked and the lone dissenter "did not care about the law" or the "judge's instructions," the trial conducted a short hearing to determine if "good cause" existed to remove the dis-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

senting juror. At this hearing, the trial court questioned the jury foreman, Juror Troxel, and the holdout juror, Juror Sanchez. At the conclusion of this hearing, the state trial court determined that "good cause" existed to remove Sanchez because he was: 1) refusing to follow the court's instructions, 2) refusing to deliberate, and 3) allowing his religious views to enter into the jury deliberations.

Although there is certainly some evidence to support contrary findings of fact and inferences that Juror Sanchez was deliberating, following the law, and not allowing his religious views enter into his deliberations, there is also evidence to support the state trial court's findings and inferences on these points. Juror Troxel testified that Sanchez had pointedly stated that he had made up his mind and was unwilling to discuss his decision with the other jurors. He also testified that Juror Sanchez had indicated that he did not care about the judge's instructions or the law. In Troxel's opinion, Sanchez had "taken a stand and nothing [was] going to change that ...".

Sanchez admitted making these statements. However, he claimed that he did not make his decision until after the jury retired to deliberate and until after he had weighed the evidence. Additionally, he stated he applied the facts as he determined them to the law, exactly as he was instructed to do. However, after the trial court specifically asked Sanchez if he was refusing to discuss the facts any further with the jury, Sanchez responded by stating, "[m]y decision is already made."

If we were reviewing this case in the first instance as a federal case, we may well have reached a different conclusion from the state courts that Sanchez was refusing to deliberate or follow the law. However, we cannot say that Rico has presented clear and convincing proof necessary to overcome the presumption of correctness imposed upon us by the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254(e)(1). Accordingly, the state court's determination that "good cause" existed to remove Juror Sanchez was not an unreasonable determination of the facts.

## II

■ The state court's determination that Rico's sentence of 25 years to life pursuant to California's Three Strikes law did not violate the Eighth Amendment's protection against cruel and unusual punishment was neither "contrary to" nor an "unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The Eighth Amendment contains a narrow proportionality principle, which prohibits the imposition of a sentence that is "grossly disproportionate" to the severity of the crime. *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in judgment); *see also Solem v. Helm,* 463 U.S. 277, 288, 303, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Rummel v. Estelle,* 445 U.S. 263, 274 n. 11, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). However, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel,* 445 U.S. at 272, 100 S.Ct. 1133; *see also Harmelin,* 501 U.S. at 1001, 111 S.Ct. 2680 (Kennedy, J., concurring in part and concurring in judgment); *Solem,* 463 U.S. at 289–90, 103 S.Ct. 3001. At the time the California courts decided Rico's claim of cruel and unusual punishment, the Supreme Court precedent was not a model of clarity and "the precise contours of the proportionality principle [were] unclear." *Lockyer v. Andrade,* 538 U.S. 63, 72–73, 123 S.Ct. 1166,

155 L.Ed.2d 144 (2003) (internal quotations and citations omitted); *see also Harmelin,* 957 U.S. at 996–997, 111 S.Ct. 2680.

However, following the filing of this appeal, the Supreme Court decided two cases which directly confronted the very issue raised by this appeal. *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); *Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). These decisions foreclose Rico's argument that his sentence violated the Eighth Amendment and "compel the conclusion that [Rico's] sentence was not grossly disproportionate to his crime in light of his criminal history." *Rios v. Garcia,* 390 F.3d 1082, 1086 (2004).

In particular, Rico's criminal history and penalty are almost indistinguishable from Ewing's criminal history and sentence. 538 U.S. at 18–20, 123 S.Ct. 1179. Like Ewing, Rico has several prior strikes, two robberies and one burglary. *Id.* at 19, 123 S.Ct. 1179 (Ewing was determined to have four prior convictions: three burglaries and one robbery.) Also like Ewing, Rico has been incarcerated, has multiple misdemeanor convictions, and has violated parole several times. *Id.* at 18–19, 123 S.Ct. 1179. Finally, the triggering felony for purposes of the application of the three strikes statute in this case and in *Ewing* was grand theft. *Id.* at 19, 123 S.Ct. 1179.

Therefore, in comparing Rico's sentence of 25 years to life to his long criminal history, it cannot be said that his sentence is grossly disproportionate to his crime. Therefore, the state court's decision upholding Rico's sentence was not contrary to or an unreasonable application of federal law.

AFFIRMED.