**Mark Elwood FRENCH, Petitioner— Appellant,**

v.

**William DUNCAN, Warden; et al., Respondents—Appellees.**

No. 04–57067.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 15, 2006.

Lathrop & Villa, Rolling Hills Estates, CA, for Petitioner–Appellant.

Quisteen S. Shum, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

California state prisoner Mark Elwood French appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000), we affirm.

French contends that his due process rights were violated because the government breached its 1986 plea agreement by using his prior convictions as strikes even though his sentences were stayed pursuant to Cal.Penal Code § 654. We conclude that there was no breach of the agreement, and therefore no due process violation. *Cf. Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *see also People v. Benson,* 18 Cal.4th 24, 31, 74 Cal.Rptr.2d 294, 954 P.2d 557 (Cal. 1998) (concluding that the three-strikes statute allows the use of prior convictions in which sentences were stayed pursuant to section 654).

French next contends that his sentence constitutes cruel and unusual punishment, in violation of the Eighth Amendment. This contention lacks merit. *See Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); *Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003); *Rios v. Garcia,* 390 F.3d 1082, 1086 (9th Cir.2004).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.