**Carl McCee FOUNTAIN, Petitioner–Appellant,**

v.

**James YATES, Warden; et al., Respondents–Appellees.**

No. 06–16598.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 14, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Carl McCee Fountain, Coalinga, CA, pro se.

Susan Orton, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

California state prisoner Carl McCee Fountain appeals *pro se* from the district

** This disposition is not appropriate for publication and is not precedent except as provid-

court's judgment denying his habeas petition under 28 U.S.C. § 2254. Fountain was convicted of lewd conduct with a child under the age of 14, first-degree burglary, and furnishing alcohol to a minor, and is serving a sentence of 55 years to life in prison. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo, Turney v. Pugh,* 400 F.3d 1197, 1199 (9th Cir.2005), and we affirm.

■ Fountain contends that trial counsel was ineffective for conceding his guilt on the lewd conduct charge, for failing to investigate or to present an intoxication defense, for failing to object to the use of CALJIC 2.50.1, for failing to raise a mistake-of-fact defense, and for failing to object to the absence of African–Americans on the petit jury. After reviewing the record, we conclude that the state courts' rejection of these claims was neither contrary to nor an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1); *Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Fountain also contends that state appellate counsel was ineffective. However, our review of the record discloses no nonfrivolous issues that had a reasonable probability of prevailing on direct appeal. Thus, the California courts did not unreasonably reject this claim. *See* 28 U.S.C. § 2254(d)(1); *Smith v. Robbins,* 528 U.S. 259, 285–86, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). We also reject his contention that these deficiencies of trial and state appellate counsel cumulatively amounted to ineffective assistance. *See Davis v. Woodford,* 384 F.3d 628, 654 (9th Cir.2004).

■ Next, Fountain contends that the evidence presented at trial was insufficient to sustain the burglary conviction. In view of the record, we disagree, and conclude that the California courts did not unreasonably apply federal law in rejecting this claim. *See* 28 U.S.C. § 2254(d)(1); *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Finally, Fountain contends that his 55–year sentence, imposed under California's three-strikes law, constitutes cruel and unusual punishment in violation of the Eighth Amendment. In light of Fountain's record of convictions for violent crimes, as well as the serious nature of his current offenses, we cannot say that the California Court of Appeal unreasonably applied federal law when it found that Fountain's sentence did not violate the Eighth Amendment. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade,* 538 U.S. 63, 72–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); *Rios v. Garcia,* 390 F.3d 1082, 1086 (9th Cir.2004).

**AFFIRMED.**