Lawrence P. SHANDOLA,
Petitioner–Appellant,

v.

Harold W. CLARKE, Secretary and Chief Executive Officer, Washington State Department of Corrections, Respondent–Appellee.

No. 06–36071.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Nov. 28, 2007.

Brett A. Purtzer, Esq., Law Offices of Monte E. Hester, Tacoma, WA, for Petitioner–Appellant.

Paul Douglas Weisser, Esq., Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

MEMORANDUM *

Lawrence P. Shandola appeals the district court's denial of his habeas corpus petition challenging his state court conviction for first-degree murder. *See* 28 U.S.C. § 2254 (2006). The district court dismissed the petition with prejudice. We

---

* This disposition is not appropriate for publication and is not precedent except as provided

have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we review *de novo* the legal questions underlying the district court's denial of habeas corpus. *See Rios v. Garcia,* 390 F.3d 1082, 1084 (9th Cir. 2004). We now affirm.

First, the trial court's evidentiary ruling to exclude a police report summarizing Roscoe Buffington's statement did not violate Shandola's Sixth and Fourteenth Amendment rights to compulsory process and due process. The statement had little, if any, probative value and was not material to Shandola's defense at trial. *See Miller v. Stagner,* 757 F.2d 988, 994 (9th Cir.), *amended,* 768 F.2d 1090 (9th Cir.1985) ("In weighing the importance of evidence offered by a defendant against the state's interest in exclusion, the court should consider [among other factors] the probative value of the evidence on the central issue . . . and whether it constitutes a major part of the attempted defense."); *United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982) (holding that a violation of a defendant's constitutional right to compulsory process requires, at a minimum, "some plausible showing of how [the excluded] testimony would have been both material and favorable to his defense.").

Second, the trial court's exclusion of a police report containing Jason Graham's statement did not violate Shandola's Sixth and Fourteenth Amendment rights to compulsory process and due process. Although Jason Graham's statement was not entirely devoid of evidentiary significance, it did not bear on the "central issue" at trial or a "major part" of Shandola's defense—*i.e.,* his defense of an alibi *at the*

by Ninth Circuit Rule 36–3.

*time of the murder. Miller*, 757 F.2d at 994–95. Accordingly, the minimal probative value of the statement contained in the police report does not outweigh the state's significant interest in applying the hearsay rule to exclude evidence lacking the indicia of reliability and accuracy. *See id.*

Third, the trial court's erroneous [1] exclusion of the non-duplicative portion of Jason Graham's tape-recorded statement did not violate Shandola's Sixth and Fourteenth Amendment rights. Much like the police report discussed above, the tape-recorded statement did not bear on the "central issue" at trial or a "major part" of Shandola's defense. *Id.* at 994. Thus, even if exclusion of some portion of the tape-recorded statement was erroneous under state law, the trial court's error does not "rise to the level of a due process violation" and, therefore, does not render Shandola's conviction constitutionally infirm. *Montana v. Egelhoff*, 518 U.S. 37, 53, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996).

The judgment of the district court is **AFFIRMED.**

---

1. The Washington State Court of Appeals concluded that the trial court erred in excluding Jason Graham's tape-recorded statement because it was admissible as a recorded recollection under Washington Rule of Evidence 803(a)(5).

