**David Min KIM, Petitioner–Appellant,**

v.

**Derral G. ADAMS, Warden, Respondent–Appellee.**

No. 05–56864.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2008.

Filed June 9, 2008.

Jerald W. Newton, for Petitioner–Appellant.

Jonathan J. Kline, Esq., Deputy Attorney General, Colleen M. Tiedemann, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

### MEMORANDUM *

David Min Kim appeals the district court's denial of his habeas corpus petition challenging his state court conviction for second-degree murder. *See* 28 U.S.C. § 2254. The district court dismissed the petition with prejudice. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

and we review de novo the legal questions underlying the district court's denial of habeas corpus. *See Rios v. Garcia,* 390 F.3d 1082, 1084 (9th Cir.2004). Because the California Court of Appeal's disposition of Kim's claims did not "result[ ] in a decision that was contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," we now affirm. 28 U.S.C. § 2254(d); *see Lockyer v. Andrade,* 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

▮ The trial court did not deny Kim his constitutional due process rights as determined by the United States Supreme Court by admitting the expert testimony of Sgt. Yacoubian on gang-related behavior. Yacoubian's testimony was probative of bias in that it tended to rehabilitate the credibility of the prosecution's fact witnesses from their prior inconsistent statements to the police during the murder investigation. *See United States v. Abel,* 469 U.S. 45, 47–49, 51–53, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). Kim's gang membership was a central aspect of the case and had been repeatedly aired in front of the jury in the earlier stages of the trial. Thus, Yacoubian's expert testimony was not "so extremely unfair that its admission violates 'fundamental conceptions of justice.'" *Dowling v. United States,* 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990) (quoting *United States v. Lovasco,* 431 U.S. 783, 790, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977)); *see* 28 U.S.C. § 2254(d).

The trial court's decision to limit the scope of Kim's cross-examination of Yacoubian did not violate Kim's Sixth and Fourteenth Amendment rights to confront his accusers as determined by the United States Supreme Court. After it had become apparent that defense counsel's line of inquiry would not yield the answers that the defense was seeking, the trial court precluded further cross-examination regarding incidents of police misconduct in unrelated cases. This ruling was well within the trial court's "wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues . . . or interrogation that is . . . only marginally relevant." *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *see* 28 U.S.C. § 2254(d).

▮ The trial court's ruling quashing Kim's subpoena of Rafael Perez did not violate Kim's Sixth and Fourteenth Amendment rights to compulsory process and due process as determined by the United States Supreme Court. As applied to this case, the state provision vesting discretion in the trial court to grant or deny the subpoena, California Penal Code § 2621, is neither "arbitrary" nor "disproportionate to the purpose [it is] designed to serve"—reducing the expense, inconvenience and danger of transporting state prisoners to and from other defendants' criminal trials unless necessary. *United States v. Scheffer,* 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (internal quotation marks and citations omitted). In addition, quashing Kim's subpoena of Perez also served the "legitimate interest[ ]" of the criminal trial process in avoiding confusion of the jury by preventing the parties from introducing irrelevant and prejudicial evidence of police misconduct in unrelated investigations. *See id.* at 309, 118 S.Ct. 1261. Thus, the trial court's quashing of the subpoena was not contrary to or an unreasonable application of any holding of the United States Supreme Court.** *See* 28 U.S.C. § 2254(d).

---

** We also emphasize that the trial judge unequivocally told Kim that he would allow him to call any gang expert who is not an inmate

The judgment of the district court is **AFFIRMED.**

of the notoriety of Perez to rebut Yacoubian's testimony.

