**Dana DeSOSA, Petitioner–Appellant,**

v.

**Frederick BROWN, Warden, Respondent–Appellee.**

**No. 07–55043.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Dana DeSosa, Blythe, CA, pro se.

Michael J. Wise, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

California state prisoner Dana DeSosa appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

DeSosa contends that trial counsel was ineffective in eliciting damaging testimony from a defense investigator. However, counsel's strategic decision to bring out inconsistencies in the prosecution's case through the defense investigator's testimony was not unreasonable. The district court did not err in concluding that DeSosa failed to establish either deficient performance or resulting prejudice under the standard announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

DeSosa further contends that his "Three Strikes" sentence of twenty-five years to life constitutes cruel and unusual punishment under the Eighth Amendment. Given the circumstances of the offense and of DeSosa's prior convictions, we cannot say that the California Court of Appeal unreasonably applied federal law when it determined that DeSosa's sentence was not grossly disproportionate. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade*, 538 U.S. 63, 72–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); *see also Rios v. Garcia*, 390 F.3d 1082, 1086 (9th Cir.2004) (upholding "Three Strikes" sentence of twenty-five years to life for felony petty theft where petitioner struggled with loss prevention officer and prior robbery strikes involved threat of violence).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.