**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMOND RAMIREZ,

               Petitioner - Appellant,

    v.

JAMES E. TILTON, Secretary of the
California Department of Corrections and
Rehabilitation,

               Respondent - Appellee.

No. 09-55227

D.C. No. 5:00-cv-00195-VAP-SH

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted January 15, 2010
Pasadena, California

Before: GOODWIN, SCHROEDER and FISHER, Circuit Judges.

    Raymond Ramirez appeals the denial of his petition for a writ of habeas

corpus.  We affirm.

    The California Supreme Court's decision denying Ramirez's habeas petition

was not an unreasonable application of the "narrow proportionality principle that

---

    [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

applies to noncapital sentences." *Ewing v. California*, 538 U.S. 11, 20 (2003) (internal quotation marks and citations omitted); *see also* 28 U.S.C. § 2254(d). Possession of any quantity of illegal drugs is no less serious than the theft offenses that the Supreme Court has found not to raise an inference of gross disproportionality. *See Taylor v. Lewis*, 460 F.3d 1093, 1099 (9th Cir. 2006). Nor does Ramirez's criminal history raise such an inference, because an attempt to restrain a victim in her home is "marked by . . . the threat of violence." *Solem v. Helm*, 463 U.S. 277, 292-93, 296 (1983). If the gravity of a petitioner's triggering offense and criminal history does not create an inference of gross disproportionality, we need not proceed to intrajurisdictional and interjurisdictional comparisons. *See Harmelin v. Michigan*, 501 U.S. 957, 1004 (1991) (Kennedy, J., concurring in part and concurring in judgment); *Rios v. Garcia*, 390 F.3d 1082, 1086 (9th Cir. 2004).

**AFFIRMED.**