**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DAVID RUCKER, | No. 07-16748 |
| Petitioner - Appellant, | D.C. No. CV-03-01715-LKK |
| v. | |
| JIM HAMLET, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted February 16, 2010**

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

California state prisoner David Rucker appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas petition challenging his "Three-Strikes"

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AH/Research

conviction and sentence for driving under the influence. We have jurisdiction

pursuant to 28 U.S.C. § 2253, and we affirm.

Rucker contends that his sentence of twenty-five years to life constitutes

cruel and unusual punishment under the Eighth Amendment. Given the

circumstances of the offense and of Rucker's prior convictions, the state court did

not unreasonably apply clearly established federal law. *See* 28 U.S.C. §

2254(d)(1); *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003); *see also Rios v.*

*Garcia*, 390 F.3d 1082, 1086 (9th Cir. 2004) (upholding "Three Strikes" sentence

of twenty-five years to life for felony petty theft where petitioner struggled with

loss prevention officer and prior robbery strikes involved threat of violence).

Rucker also contends that appellate counsel was ineffective for refusing to

raise the Eighth Amendment issue on direct appeal. The record reflects that

counsel's performance was not deficient, and that Rucker cannot demonstrate

prejudice because the claim lacked merit. *See Jones v. Smith*, 231 F.3d 1227, 1239

n.8 (9th Cir. 2000); *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001).

Rucker last contends that the state trial court violated his due process rights

when it gave CALJIC 17.41.1, the jury nullification instruction. As Rucker

concedes, however, this claim is foreclosed by *Brewer v. Hall*, 378 F.3d 952, 957

(9th Cir. 2004) (affirming district court's denial because there is no clearly

established federal law holding that CALJIC 17.41.1 violates an existing constitutional right).

**AFFIRMED.**